HENRY BURT, Appellant, *v.* THE BREWERS AND MALTSTERS' INSURANCE COMPANY et al., Respondents.

The underwriter is not liable upon an insurance of a vessel "against actual, total loss only," where the vessel, after a disaster, remains a vessel, and as such reaches her place of destination afloat.

(Argued October 2, 1879; decided October 14, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendants, entered upon an order nonsuiting plaintiff on trial, and affirming an order denying a motion for a new trial. (Reported below, 9 Hun, 383.)

This was an action on a policy of marine insurance, underwritten by the three companies, defendants herein.

The insurance was limited by a memorandum, in manuscript, written across the margin of the policy in the following words : "Against actual, total loss only."

The vessel insured became disabled and went ashore on a voyage from Harrisonville to Detroit. She was got off and

reached her home port with portions of her cargo, her mainsail uninjured, her standing rigging in place, her anchors, chains, masts and spars in place and uninjured, and portions of her running rigging. It did not appear that any of her timbers were broken, though some were displaced and some five or six planks were gone. After her arrival at Detroit she sank, and has not been since raised or repaired.

*J. A. Hathway*, for appellant. Plaintiff is entitled to recover for a constructive total loss under the language of this policy. *(Adams* v. *Mackenzie*, 13 C. B. [N. S.], 442.) No notice of abandonment was necessary in this case. (*U. S. Ins. Co.* v. *Lenox*, 1 Johns. Cas., 377; 2 id., 443; 3 Kent's Com., 333; *Buffalo City Bk.* v. *N. W. Ins. Co.*, 30 N. Y., 253.) There was a total loss of the vessel in this case in every sense of the word, within the terms of the policy, and for every purpose of honest commerce by a peril insured against, and the plaintiff was entitled to recover without notice of abandonment. (*Walker* v. *Protection Ins. Co.*, 29 Me., 317; *Sewell* v. *U. S. Ins. Co.*, 11 Pick., 90; Pars. on Marine Ins., 70–74; Marsh. on Ins., 446; *Peele* v. *Merchants' Ins. Co.*, 3 Mass., 27; *Bullard* v. *Roger Williams Ins. Co.*, 1 Curt. C., 182, 185; *Hugg* v. *Augusta and B. Co.*, 7 How., 595; *Bondrett* v. *Heutigg*, 1 Holt, 149; *Cambridge* v. *Auderton*, 4 Dow. & Ryland, 203; Arn. on Ins., 1001–1010; *Tudor* v. *N. E. M. Ins. Co.*, 12 Cush., 554; *Mullett* v. *Shedden*, 13 East, 304; Pars. Maritime Law, 334 [ed. 1859]; Pars. on Mar. Ins., 68–83–86–91; *Fuller* v. *Kenenbec Ins. Co.*, 31 Me., 325; *Prince* v. *Ocean Ins. Co.*, 40 Mass., 481; *Williams* v. *Smith*, 3 Cai., 1; *Saltas* v. *U. S. Ins. Co.*, 15 J. R., 525; *Roach* v. *Eddie*, 6 Term R., 413; *Schmidt* v. *U. S. Ins. Co.*, 1 J. R., 249; 1 Emer., 59–542; *Marine Ins. Co.* v. *Tucker*, 3 Cranch., 357; *Queen* v. *Union Ins. Co.*, 2 Wash. C. Ct., 331; *Allen* v. *Mer. Mut. Ins. Co.*, 46 Barb., 642; *Crosly* v. *N. Y. Mut. Ins. Co.*, 5 Bos., 369; *Buchanan* v. *Ocean Ins. Co.*, 6 Cow., 318; *Ins. Co.* v. *Fogarty*, 19 Wall., 640; 2 Cai., 324; *De Peyster* v. *Sun*

*Mut. Ins. Co.*, 19 N. Y., 272; *Wallerstina* v. *Col. Ins. Co.*, 44 id., 204.) It is well settled that the arrival of the vessel at her home port has no effect upon the rule of total loss. (2 Pars. on Mar. Ins., 90; *Pezant* v. *Nat. Ins. Co.*, 15 Wend., 459; Marsh. on Ins., 486; 3 J. R., 156.)

*John C. Churchill*, for respondents. The insurance being against "actual, total loss only," abandonment was unnecessary, and proof of it immaterial, and therefore properly excluded. (2 Pars. on Mar. Ins., 110; Lee's Laws of Ship. and Ins., 459–478; 3 Kent's Com., 321.) The evidence in this case showed a case of constructive total loss only and not of actual, total loss. (Burrill's Law Dic., "Total Loss;" 2 Arn. on Ins., 990, 1013; 3 Kent, 318–320, 321–329; 2 Arn. on Ins., 1087, 1088; 2 Pars. on Mar. Ins., 60–70, 125, 126; Smith's Mercantile Law, 445; 2 Phil. on Ins., 233, §§ 1485–1487; Benecke on Mar. Ins., 326; *De Peyster* v. *Sun Mut. Ins. Co.*, 19 N. Y., 277; 1 Cai., 196; 1 J. R., 226; 4 Wend., 83; 6 Cow., 331; *Walker* v. *Protection Ins. Co.*, 29 Me., 317, 321; 2 Arn., 1022, 1023; L. R. [3 C. R.], 303–305; 1 Arn. on Ins., 882 [London ed.]; Shees Marshall on Mar. Ins., 449, 450; 29 Me., 317–321; *Globe Ins. Co.* v. *Sherlock*, 25 Ohio, 50; 1 Term Rep., 187; case, fols. 71, 219, 220; *Wallenstein* v. *Col. Ins. Co.*. 44 N. Y., 204.)

*Per Curiam.* This was an insurance upon the vessel "against actual total loss only." After her disaster she remained a vessel, and as such reached her port of destination afloat. In such case it is too well settled to need further discussion that there is not "an actual total loss," and that the underwriter is not liable. The essential facts were undisputed and there was nothing, therefore, for submission to the jury. The well considered opinion of TALCOTT, J., at the General Term renders it needless to add more.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.