BRUNO LEONE et al., Plaintiffs, *v.* JOHN RUSSO et al., Defendants.

Supreme Court, Special Term, Nassau County, January 13, 1948.

*Harry C. Brenner* for plaintiffs.

*Milton Pinkus* for defendants.

HOOLEY, J. Action for a declaratory judgment and other relief.

In February, 1946, plaintiffs and defendants entered into an agreement in writing whereby defendants, as landlords, leased to plaintiffs, as tenants, certain store premises for a term of ten years. The lease provided, in part, as follows: " 5th. In case of damage, by fire or other action of the elements, to the building in which the leased premises are located, without the fault of the Tenant or of Tenant's agents or employees, if the damage is so extensive as to amount practically to the total destruction of the leased premises or of the building, or if the Landlord shall within a reasonable time decide to rebuild, this lease shall cease and come to an end, and the rent shall be apportioned to the time of the damage. In all other cases where the leased premises are damaged by fire without the fault of the Tenant or of Tenant's agents or employees the landlord shall repair the damage with reasonable dispatch after notice of damage, and if the damage has rendered the premises untenantable, in whole or in part, there shall be an apportionment of the rent until the damage has been repaired. * * * "

On April 2, 1947, a fire occurred which rendered the premises untenantable. The plaintiffs maintain that under the quoted clause in the lease, it was the duty of the defendants to repair the damage and allow the plaintiffs to re-enter the premises. The defendants maintain that the fire damage was so extensive as to amount practically to a total destruction of the premises and that the lease has thereby come to an end. The case must turn upon the extent of the damage which was caused by the fire. The fact that the plaintiffs paid a substantial sum for the purchase of the business from the defendants and will be deprived of the fruits of the good will for which they paid if the lease is not continued, having in mind that they occupied the premises for slightly longer than one year on a ten-year lease, may not be allowed to influence the court to deviate from the true and proper construction of the clause in the lease.

There is a dearth of authority in New York State on the subject of what constitutes damage by fire so extensive as to amount practically to total destruction of the leased premises. However, the Court of Appeals in *Corbett* v. *Spring Garden Insurance Co.* (155 N. Y. 389) discussed the matter of " total destruction." In that case, the plaintiff sued on a policy of fire insurance upon a leasehold interest which contained a clause which read as follows: " It is a condition of this insurance that in case of such destruction by fire of the above-named premises that the lease held by the assured shall be by its terms and in fact canceled, this company shall be liable to pay an amount not exceeding the sum hereby insured." The lease provided that in case of partial damage by fire, the building should be repaired as speedily as possible at the expense of the landlord; that in case of such extensive damage as to render the building untenantable, the rent should cease until the building should be repaired, and that in case of the total destruction of the premises, the lease should then cease and come to an end. The plaintiff conceded that there could be no recovery on the policy unless the building was in fact totally destroyed within the meaning of the policy. There was evidence in the case to indicate that the value of the building prior to the fire was $90,000 and that it could be put into substantially as good a condition as it was before the fire for the sum of $31,905. The court, in seeking to ascertain the method of arriving at a decision as to whether there had been a total destruction, indicated that it was not unreasonable to apply the doctrine which prevailed in marine insurance. The court said (p. 394) : " There it is held that the ship is a total loss when she has sustained such extensive damage that it would not be reasonably practicable to repair her. The ordinary measure of prudence which the courts have adopted is this : If the ship when repaired will not be worth the sum which it would be necessary to expend upon her, the repairs are, practically speaking, impossible, and it is a case of total loss. This is said to be the English rule. (*Moss* v. *Smith,* 9 C. B. [Man. & Scott] 103; *Manning* v. *Irving,* 1 id. 176; *Rosetto* v. *Gurney,* 11 C. B. [2 J. Scott] 186, 187; *Grainger* v. *Martin,* 2 Best & Smith, 467, 468; *Adams* v. *Mackenzie,* 13 C. B. [N. S.] 442.) The American rule recognizes the same principle, but fixes upon a different amount of expense as giving the right to abandon. If the expense of repair will exceed half the value of the ship when repaired, she is considered a total loss, and may be abandoned. (*Insurance Co.* v. *Fogarty,* 19

Wall. 640; *Wallerstein* v. *Columbian Ins. Co.*, 44 N. Y. 205.)''
The court, in view of the evidence, reversed the finding in
favor of plaintiff and sent the case back for a new trial.

On the retrial, there was considerable testimony on the part
of the plaintiff to indicate that the cost of repair was in excess
of half the value of the building when repaired. The testimony
for defendant was the same as at the previous trial. The ver-
dict was for the plaintiff. The case came up for review in
40 Appellate Division 628. There the court, after considering
whether it should follow the marine insurance rule laid down by
the Court of Appeals, decided that it should follow such rule.
There was a dissenting opinion wherein it was contended that
the reference made to marine insurance by the Court of Appeals
was simply by way of illustration in that case. However, the
Appellate Division followed the rule and the judgment in favor
of the plaintiff was affirmed by the Court of Appeals, without
opinion (167 N. Y. 596).

This court regards the rule applied in the foregoing cases as
the rule to be applied in this case, that is, if there is a finding
that the cost of restoration of the building as it was immediately
preceding the fire is more than one half of the value of the
building at the time of the fire, then there is a total destruction.
The court is of the opinion that the phrase '' as to amount
practically to the total destruction of the leased premises or of
the building '' is substantially equivalent to ''total destruction.''

In the case at bar, the building in question is a one-story
building, known as the taxpayer type, with concrete block walls,
except in front which consisted mainly of glass and brick. The
interior of the store was gutted; the roof was destroyed. The
walls were left substantially intact, except for the replacing of
several rows of concrete blocks. There was considerable testi-
mony on both sides with respect to the replacement value of the
building and the value of the cost of restoring the building or
repairs. On the question of fact presented by such issue, the
court finds in favor of the plaintiffs. A consideration of all
such testimony, and the photographs and other exhibits in the
case, indicates clearly that the destruction caused by the fire
was not so extensive as to amount practically to total destruc-
tion. On the question as to whether the fire was caused by the
negligence of plaintiffs, the court finds this claim of defendants
unproven. Judgment for plaintiffs.

Submit judgment on notice.