■ NOAH'S ARK, DIVISION OF ECKMAR CORP., Appellant, v. FRED W. GEIB, Respondent.— Judgments unanimously affirmed, with costs. Memorandum: The record shows that respondent re-entered his premises peaceably, but is forcibly excluding appellant tenant from reoccupying them. Thus, there is no merit to appellant's claim that it was forcibly evicted. The record also shows that the fire damage to the premises was so extensive (90% of the value thereof) that the landlord was justified in deciding to rebuild and declaring the lease terminated (*Corbett* v. *Spring Garden Ins. Co.*, 155 N. Y. 389; same case after retrial, opinion 40 App. Div. 628, affd. without opinion, 167 N. Y. 596). (Appeal from judgments of Monroe Trial Term dismissing proceeding to recover real property.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Moule, JJ.

■ EDITH R. BOYKO, Appellant, v. JOSEF (JOSEPH) W. RAYNOHA, Respondent.— Order unanimously affirmed, without costs. Memorandum: Respondent's request to modify the judgment regarding permanent custody of the children is not before us upon this appeal. Such application may be made either in the Family Court or at a Special Term of the Supreme Court. (Appeal from order of Erie County Family Court denying application for modification of support order.) Present — Del Vecchio, J. P., Marsh, Witmer and Gabrielli, JJ.

■ EDGAR E. DE GASPER, Appellant, v. ADELENE DE GASPER, Respondent. — Order unanimously affirmed, without costs. Memorandum: Appeals from orders granting temporary alimony are not favored, and it is suggested that generally in lieu thereof counsel should promptly proceed to trial (see Domestic Relations Law, § 249). We recognize that in the court's discretion temporary alimony and support may be denied where the husband is adequately caring for the needs of his wife and children (see *Scheideler* v. *Scheideler*, 10 A D 2d 991; *Baker* v. *Baker*, 16 A D 2d 409; Domestic Relations Law, § 236). It should be noted that the amount of permanent alimony and support to be awarded, if any, is to be based upon the evidence and not upon the amount awarded as temporary alimony, which is determined upon the moving papers (*Schine* v. *Schine*, 28 A D 2d 976; *Sklan* v. *Sklan*, 29 A D 2d 526; *Brown* v. *Brown*, 31 A D 2d 516). With respect to alimony, we think it generally inadvisable to direct payments of the wife's expenses of a designated character, which may permit her to increase the award by incurring larger expenses of that character, and we deem it preferable that periodic payments of a specified amount be fixed (*Schine* v. *Schine*, supra; *Macris* v. *Macris*, 29 A D 2d 528; and see *Braun* v. *Braun*, 29 A D 2d 929; Domestic Relations Law, § 236). In this case, where the husband is suing for divorce, we find no impropriety in the allowance of counsel fees to defendant (see *Walsh* v. *Walsh*, 22 A D 2d 937; *Sierson* v. *Sierson*, 269 App. Div. 899). (Appeal from order of Erie Special Term, awarding temporary alimony and counsel fees.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Moule, JJ.

■ In the Matter of ALFRED F. MCDONALD, JR., Respondent, v. MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF BUFFALO, Appellant.— Appeal dismissed, without costs. Memorandum: This appeal is from an order made in a proceeding against a body pursuant to article 78 and was not appealable as a matter of right (CPLR 5701, subd. [b]). No permission to appeal having been granted in accordance with subdivision (c) of the same section the appeal must be dismissed. (Appeal from order of Erie Special Term denying motion to dismiss petition.) Present — Goldman, P. J., Del Vecchio, Marsh, Bastow and Henry, JJ.