■ THERESE H. GELOW, Respondent, v. GEORGE D. GELOW, Appellant.— In an action for separation or divorce, defendant appeals, (a) as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated May 24, 1972, as, upon reargument, adhered to the original decision awarding plaintiff $60 per week temporary alimony and child support and $750 for her counsel fee; and (b) from an order of the same court, dated March 13, 1972, which granted plaintiff's motion to adjudge defendant in contempt for failure to make the required temporary alimony and support payments and the required counsel fee payment. Order of May 24, 1972 affirmed insofar as appealed from and order of March 13, 1972 affirmed, with one bill of $10 costs and disbursements. We have repeatedly noted that the proper remedy for any seeming inequity in a temporary order for the payment of alimony and support based on conflicting affidavits is a speedy trial. The facts as to finances and standard of living of the parties can best be developed at the trial (Bogut v. Bogut, 38 A D 2d 829; Tobias v. Tobias, 36 A D 2d 643; Lebovics v. Lebovics, 34 A D 2d 783). Defendant, of course, is not precluded from making any application to Special Term that he may deem appropriate. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ PAUL GOLDSTEIN, Respondent, v. McCORMACK MOTOR SALES, INC., Appellant.— In an action for money had and received, defendant appeals from (1) an order of the Supreme Court, Westchester County, dated May 24, 1972, which granted plaintiff's motion for summary judgment in part, to the extent of $5,800, and severed the balance of plaintiff's claim, and (2) from a judgment of the same court purportedly entered June 5, 1972 pursuant to said order. Appeal from judgment dismissed, without costs and without prejudice to such motion as appellant may be advised to make at Special Term with respect to the judgment. No judgment was included in the record on appeal. Order reversed, without costs, and motion denied. Plaintiff claims he purchased a Continental Mark IV automobile from defendant for $6,700 ($5,800 by a bank cashier's check and $900 in cash). Defendant contends that the automobile was valued at over $10,000 and has refused to either deliver the vehicle or refund the money, asserting that it was the victim of a fraud perpetrated by one of its salesmen, who has since been indicted therefor. In our opinion, in the interest of justice, a trial should be had on all the issues presented (Bernstein v. McCormack Motor Sales, 40 A D 2d 692). Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.