LEONARD S. THOMPSON, Appellant, v. EDNA A. THOMPSON, Respondent.— In an action in which a judgment of the Supreme Court, Queens County, was made on May 11, 1971, granting plaintiff a divorce, he appeals, as limited by his notice of appeal and his letter-brief (*pro se*), from so much of the judgment as directed him to pay $10 a week alimony and $750 to defendant's attorney as an additional counsel fee. Judgment reversed insofar as appealed from, on the law and in the exercise of discretion, without costs, and alimony and a counsel fee for defendant denied. The money paid by plaintiff for defendant's attorney's fee is directed to be returned. The divorce herein was granted because the trial court found defendant guilty of cruel and inhuman treatment of plaintiff. Because of that finding the award of alimony was improper, the trial court being without authority to make such grant (*Hessen* v. *Hessen,* 33 N Y 2d 406; *Math* v. *Math,* 39 A D 2d 583, affd. 31 N Y 2d 693; *Votta* v. *Votta,* 40 A D 2d 532; Domestic Relations Law, § 236). While this rule does not carry over to awards of counsel fees made pursuant to section 237 of the Domestic Relations Law, the question of whether a counsel fee award should be made is addressed to the discretion of the court within the boundaries of the facts and circumstances of the case and the relative circumstances of the parties. In the instant case, it is our opinion that defendant has adequate means to pay for her own defense and that the innocent husband ought not to be required to bear this burden. Latham, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.