■ KATHLEEN S. SPADA, Respondent, v. GUY J. SPADA, Appellant.— Order unanimously affirmed, without costs. Memorandum: While from the recital by the court in its decision it appears that it acted in disregard of the injunction of sections 70 and 240 of the Domestic Relations Law that "In all cases there shall be no prima facie right to the custody of the children in either parent", the record supports the determination of the court made in the exercise of its discretion that custody of the children be granted to the mother and the finding that such grant of custody, having regard to the circumstances of the case and of the respective parties, was in the best interests of the children. The Family Court Judge had an opportunity to observe the parties, the children and the witnesses appearing before him and to hear the testimony offered after both parties had an opportunity to review the Social Services' report. While the evidence established certain acts of indiscretion and impropriety on the part of the plaintiff in the past, it does not appear that she has since the breakup of the marriage been neglectful of the children in any way, and it affirmatively appears that she has provided reasonably well for them and afforded them good

home surroundings and that the trauma associated with divorce has not been allowed to have more than a minimal effect on their progress and development. While defendant father likewise offers a good home situation to the children and has demonstrated love and a real concern for them, the circumstances of the parties relevant to the children's welfare does not offer an adequate basis for disturbing the discretionary award of custody by the trial court to the plaintiff. In the event that future developments involving the welfare of the children warrant it, application for a change in the custody provisions may be made under section 240 of the Domestic Relations Law. (Appeal from order of Orleans County Family Court in custody proceeding.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.