■ VIRGINIA FOMENKO, Appellant-Respondent, v JOSEPH FOMENKO, Respondent-Appellant.—Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: After a jury trial in this action wherein plaintiff sued for divorce and defendant counterclaimed for divorce, verdicts were rendered in favor of plaintiff for divorce against defendant on the ground of his cruel and inhuman treatment of her and in favor of defendant against plaintiff on the ground of her cruel and inhuman treatment of him. There was sufficient evidence to support both verdicts, since the jury were entitled to reject plaintiff's testimony that her treatment of defendant was induced by his provocation and that he condoned her denial of sexual relations with him. Under section 170 of the Domestic Relations Law the court may grant dual divorce to the parties (*John W S v Jeanne F S,* 48 AD2d 30, 33). The court properly construed section 236 of the Domestic Relations Law as requiring denial of alimony to plaintiff, since her conduct was found, upon sufficient evidence, to "constitute grounds for separation or divorce" (*Math v Math,* 39 AD2d 583, affd 31 NY2d 693; *John W S v Jeanne F S, supra; Gullo v Gullo,* 46 AD2d 991; *Thompson v Thompson,* 44 AD2d 849). Plaintiff's contention that such a construction of section 236 of the Domestic Relations Law renders it unconstitutional as violative of the equal protection clause is without merit. If the statute bears a rational relationship to a legitimate State objective, it is constitutional (*Schlesinger v Ballard,* 421 US 906; *Kahn v Shevin,* 416 US 351, 355; *Murphy v Murphy,* 232 Ga 352, cert den 421 US 929). The legislative purpose of this statute is to provide a source of income to wives upon the termination of their husbands' obligations to support them. The Legislature, in its wisdom, conditioned this right of support upon the wife being blameless in the dissolution of the marriage. As between husbands and wives, it may well be argued that the statute discriminates, if at all, against husbands, who are wholly denied alimony by the statute regardless of the circumstances. But an analysis of the statute shows that the classification differential is not of husbands as against wives (cf. *Reed v*

*Reed,* 404 US 71), but of erring wives as against blameless wives; and there can be no valid contention that the Legislature has violated the equal protection clause in making such classification. Finally, we conclude that the trial court erred in holding that it was compelled to award counsel fees to plaintiff without regard to the financial circumstances of the parties. The statute provides that "In any action * * * (3) for a divorce * * * the court may direct the husband * * * to pay such sum or sums of money to enable the wife to carry on or defend the action * * * as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law, § 237, subd [a]). The court took no evidence of the financial condition of the parties, but relied on the documentary evidence thereof submitted on the motion before another Justice for temporary alimony and support. Reliance on such evidence by Special Term was proper in fixing such alimony [and if requested, in making a preliminary award to apply on counsel fees] *(Gelow v Gelow,* 41 AD2d 556; *Tobias v Tobias,* 36 AD2d 643; *De Gasper v De Gasper,* 31 AD2d 886; *Schine v Schine,* 28 AD2d 976), but in fixing permanent alimony and counsel fees the court should base its determinations upon testimonial and other trial evidence (if not stipulated) of the financial condition of the parties *(Sklan v Sklan,* 29 AD2d 526; and see cases last above cited). The record does not permit us to substitute our judgment for that of the trial court as to the amount which should be awarded to plaintiff for counsel fees. Accordingly, we remand the case solely for a hearing with respect to the financial condition of the parties and for a new determination of the amount, if any, which should be awarded to plaintiff for counsel fees. (Appeal from judgment of Supreme Court, Monroe County in divorce action.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.