■ BETTY J. FARNELLA, Appellant, v JOHN A. FARNELLA, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: The parties to this action were married in 1960. They have four children, the oldest born in 1963 and the youngest in 1969. The wife commenced an action for divorce on February 3, 1975 and the husband counterclaimed for divorce on May 12, 1975. Neither party contested the other's divorce action but alimony and child custody were vigorously disputed during a five-day trial. On February 17, 1976 a judgment was entered awarding each party a divorce against the other on the grounds of cruel and inhuman treatment. The wife was awarded a property settlement in the amount of $30,000 plus a car and counsel fees, but was denied alimony. Custody of the children and possession of the marital residence was awarded to the husband. The wife appeals from the alimony and custody provisions of the decree. It is well settled that a wife who is guilty of conduct constituting grounds for divorce is not entitled to alimony (Domestic Relations Law, § 236). This is so even in dual divorce cases *(Fomenko v Fomenko,* 50 AD2d 712; *John W. S. v Jeanne F. S.,* 48 AD2d 30). Custody of children is a matter of discretion for the trial court and the Appellate Division *(Bunim v Bunim,* 298 NY 391). However, where the trial court heard the testimony of the witnesses and interviewed the children, "the findings of the nisi prius court must be accorded the greatest respect" *(Matter of Ebert v Ebert,* 38 NY2d 700; *Spada v Spada,* 47 AD2d 586). The record shows that the wife had several extramarital affairs and, although generally an attentive parent, often left the children in the care of others. The husband, on the other hand, appears to be a more stable individual. While not free of fault in that he sought to alienate the children from the mother, which conduct, if continued, may provide a basis for a future modification of the court's discretionary award of custody, he seems to be the parent more concerned with the children's future development and education. Under these circumstances the court's determination should not be disturbed. (Appeal from judgment of Chautauqua Supreme Court—divorce.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.