ESTER BELANDRES, Respondent, v MANUEL BELANDRES, Appellant.

First Department, June 9, 1977

*Ralph F. Cutrone (Dennis De Angelis* with him on the brief), attorney for appellant.

64

*Simon W. Koenig* for respondent.

LUPIANO, J. Plaintiff wife contends and testified to an alleged abandonment by defendant husband commencing November 1, 1972. Defendant contends and testified to an alleged abandonment by plaintiff commencing on or about March, 1973. Parenthetically, it is noted that plaintiff in her complaint also seeks a divorce on the ground of cruel and inhuman treatment. Special Term, after a nonjury trial, determined that there was an abandonment which "was occasioned as a result of the professions which both of these parties belong to" and in seeking to avoid casting one or the other party at fault, awarded them both a divorce. No finding was made as to plaintiff's claim of cruel and inhuman treatment. Joint custody of the youngest child was awarded with each parent having custody for six months.

There is precedent for a dual divorce being awarded on the ground of cruel and inhuman treatment (see *Fomenko v Fomenko,* 50 AD2d 712; *John W. S. v Jeanne F. S.,* 48 AD2d 30). However, "[i]n order to establish abandonment it must be shown that the separation is against the will and without the consent of the complaining spouse, and accordingly a separation by mutual consent of the parties does not constitute an abandonment" (16 NY Jur, Domestic Relations, § 886; see 24 Am Jur 2d, Divorce and Separation, § 105). "The essence of abandonment is a refusal by one spouse to fulfill 'basic obligations springing from the marriage contract' *(Mirizio v. Mirizio,* 242 N.Y. 74, 81, quoted in *Diemer v. Diemer,* 8 NY2d 206, 210). The conduct of a spouse to constitute abandonment must be unjustified *and without the consent of the other spouse (Solomon v Solomon,* 290 N.Y. 337, 340, 342; *Matter of Maiden,* 284 N.Y. 429, 432-433)" *(Schine v Schine,* 31 NY2d 113, 119; emphasis supplied).

The record discloses a further anomaly precluding the award of a dual divorce on this ground. Subdivision (2) of section 170 of the Domestic Relations Law requires that the abandonment of the plaintiff by the defendant be for a period of one or more years. The parties did not testify to a mutual consent whereby they simultaneously abandon each other. Indeed, their testimony as necessarily credited by Special Term in finding that they abandoned each other was that *after* defendant abandoned plaintiff commencing November 1, 1972, the plaintiff abandoned defendant in March of 1973. This is a *non sequitur* because one already abandoned, cannot

abandon the party who has already evinced a refusal to abide by the marriage contract.

Even assuming that a dual divorce on the ground of abandonment was proper, the award of alimony to the wife under such circumstances would be improper. As aptly stated in *Farnella v Farnella* (53 AD2d 1047): "It is well settled that a wife who is guilty of conduct constituting grounds for divorce is not entitled to alimony (Domestic Relations Law, § 236). This is so even in dual divorce cases *(Fomenko v Fomenko,* 50 AD2d 712; *John W. S. v Jeanne F. S.,* 48 AD2d 30)."

Finally, on the issue of custody of the parties' youngest child, insufficient is demonstrated when viewed against the critical consideration of what is in the best interests of the child, to conclude that the Solomonic disposition of Special Term is proper. Patently, said disposition appears disruptive of schooling and home life at an age when a child requires stability. Yet, to grant greater rights of custody to one or the other of the parties may not be the answer. In any event, it is clear that a new trial is necessary for all purposes. Relevant to this observation, note is taken of the fact that the plaintiff wife has not cross-appealed. While ordinarily a party who does not appeal from a judgment is deemed to acquiesce therein (see *Bonat v Crosswell,* 241 App Div 230), the unique circumstances present in this case compel the conclusion that the judgment must be reversed as to plaintiff also in the interest of justice. "It has * * * been held that where the determination on appeal *itself* necessarily affects the rights of parties not before the Court, the judgment as to those parties has to be modified accordingly" (Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 180, p 675). The nature of the plaintiff's and defendant's claim to divorce on the same ground, to wit, abandonment, which ground was utilized by Special Term as the *sole* basis for granting a dual divorce, necessarily presents the issue of consent. Consent requires the co-operation of the parties. Thus, there is a critical conjoining of the interests of *both* parties in obtaining a divorce on the same ground where that ground is abandonment. Indeed, the conjoining of these interests, viewed by Special Term in its zealous regard to avoid casting one or the other party at fault, resulted in the procedural anomaly of a dual divorce on the ground of abandonment. This result has no foundation in law or reason. Thus, the necessary conjoined interest uniquely presented by the nature of the appeal herein requires that

this court hold that its determination of defendant's appeal redound to the interest of plaintiff also (cf. *Matter of Union Trust Co. [Detmold]*, 219 NY 537; *Matter of Winburn*, 270 NY 196).

Section 170 of the Domestic Relations Law delineates specific grounds upon which a husband or wife may maintain an action for divorce. In awarding a dual divorce on the gound of mutual abandonment, Special Term has, in effect, fashioned a basis for divorce not permitted by the statute. In order to award such dual divorce, Special Term must find that each spouse has unjustifiably refused to fulfill basic obligations springing from the marriage contract without the consent of the other spouse. Assuming that both spouses determined to refuse to fulfill these obligations, we have a separation. Yet, the mere fact of separation without additional factors does not entitle the parties to a divorce under section 170 of the Domestic Relations Law. The court has thus implemented a true "no-fault" divorce concept without benefit of legislative sanction. Consideration of public policy in so vital an area to the welfare of the State and its citizens mandates a refusal by this court to countenance such result, even though it be urged in the name of pragmatism—the recognition that the marriage between the parties is dead. Its death must be recognized through the will of the people as expressed by the Legislature. Consensual divorces are recognized through the utilization of a separation agreement and a one-year waiting period (Domestic Relations Law, § 170, subd [6]). To close our eyes to the implications of approving the pragmatic resolution adopted by Special Term in awarding a dual divorce on the ground of abandonment by affirming this aspect of the matter being appealed would do great disservice to the litigants, to the Bar and to the traditional corrective role played by appellate courts upon appellate review.

Scrutiny of the record discloses that the ultimate issue herein is reduced to one of credibility. If plaintiff is telling the truth and defendant is not, then plaintiff was abandoned in 1972. If defendant is telling the truth and plaintiff is not, then defendant was abandoned in 1973. However, Special Term as trier of fact did not determine the credibility of the oral evidence.* This presents grave difficulty. Either plaintiff's

---

* Special Term merely stated: "The Court finds it very difficult to apportion fault here with regard to who abandoned whom, and I think that if anything, there is an abandonment. That's the only reason why the Court granted (both motions for

testimony or defendant's testimony is reasonable. Which is true? The Court of Appeals has aptly observed:

"In a case so close as this, let the court of the first instance decide. Face to face with living witnesses the original trier of of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth" *(Boyd v Boyd,* 252 NY 422, 429). The judgment of the Supreme Court, New York County (GOMEZ, J.), entered January 27, 1976, which, *inter alia,* granted both parties a divorce by reason of abandonment, directed the defendant to pay alimony to plaintiff in the sum of $75 per week and granted the parties joint custody of the infant Bernard on a six-month/six-month basis, should be reversed on the law, and in the interests of justice, without costs and disbursements, and the matter remanded for a new trial.

MURPHY, P. J., SILVERMAN, MARKEWICH and YESAWICH, JJ., concur.

Judgment, Supreme Court, New York County entered on January 27, 1976, unanimously reversed, on the law and in the interests of justice, without costs and without disbursements, and the matter remanded for a new trial.

divorce). But if anything, the abandonment was occasioned as a result of the professions which both of these parties belong to, and it is difficult for the Court to apportion fault of one party as against the other."