■ NANCY DE MARINIS, Appellant-Respondent, v THEODORE DE MARINIS, Respondent-Appellant.—In an action for divorce, (1) the plaintiff wife appeals from a judgment of the Supreme Court, Kings County, entered January 19, 1979, which, *inter alia,* granted a divorce to the defendant on his counterclaim on the ground of cruel and inhuman treatment, and (2) the defendant cross-appeals from so much of the same judgment as granted counsel fees and disbursements to the plaintiff. Judgment modified, on the law and the facts, by deleting the decretal paragraphs thereof numbered 2, 6, 8, 9, 10, 11, 12 and 13, and by adding thereto a provision granting a divorce to plaintiff as well as a divorce to the defendant. As so modified, judgment affirmed and action remitted to Special Term for an evidentiary hearing, to be held before a Justice other than the Justice who presided at the trial, as to the issues of alimony, custody of the children, and possession of the marital home. The plaintiff and defendant were married on September 1, 1968. There are two children of the marriage, ages nine and seven. This action was instituted by the plaintiff wife for a divorce on the ground of cruel and inhuman treatment. The defendant interposed counterclaims for divorce on the grounds of adultery and cruelty. Special Term, after a trial, dismissed the complaint and the counterclaim on the ground of adultery; it granted a divorce to the defendant on the counterclaim for cruelty. In addition, Special Term granted custody of the two children to the defendant and directed the sale of the marital residence. The plaintiff appeals from the judgment. The defendant cross-appeals from that part of the judgment awarding counsel fees and disbursements to the plaintiff in the sum of $10,417. The record establishes a stormy marriage to the downfall of which both parties contributed. We agree with Special Term that the plaintiff's conduct constituted cruel and inhuman treatment toward the defendant. However, we also find, contrary to Special Term, that the defendant's conduct toward the plaintiff constituted cruel and inhuman treatment. The record shows, without dispute, that the defendant assaulted the plaintiff, and we find, again contrary to Special Term that the assault was committed without provocation on the part of the plaintiff. Hence, a dual divorce is directed (see *John W. S. v Jeanne F. S.,* 48 AD2d 30; *Belandres v Belandres,* 58 AD2d 63). Ordinarily, in the case of a dual divorce, alimony cannot be granted. Here, the defendant expressly waived his rights (see Domestic Relations Law, § 236), and consented to the payment of alimony. We think under these circumstances that a further evidentiary hearing is required with respect to the custody of the children, alimony, and the possession of the marital home, linked as it is to the issue of custody. Although Special Term determined that both parents are fit custodians of the children, we do not, and cannot, know the extent to which Special Term's disposition of the issue of custody was influenced by its finding that only the defendant was entitled to a divorce. Moreover, we are not persuaded by the testimony of the psychologist retained by the defendant that the defendant should have custody in the light of his admission

that he had not interviewed the plaintiff. On the other hand, we note that the psychiatrist appointed by the court had interviewed both parents before coming to the conclusion that custody should be given to the plaintiff. So that the issues of alimony, custody and possession of the marital home may be considered anew, we direct that the evidentiary hearing be held before a Justice other than the Justice who presided at the trial. We have examined the defendant's contentions with respect to the counsel fees awarded to the plaintiff and are not disposed to modify Special Term's decision. Hopkins, J. P., Titone, Lazer and Gibbons, JJ., concur.