■ JANET SADOFSKY, Plaintiff, v JACK SADOFSKY, Appellant, and MICHAEL N. KLAR, Respondent.—In an action for separation, in which the defendant husband counterclaimed for divorce, defendant appeals from (1) an order of the Supreme Court, Nassau County, entered March 23, 1979, which granted plaintiff's application for attorney fees and directed defendant to pay Reisch & Klar, Esqs., the principal sum of $8,500 and (2) the judgment entered thereon on May 17, 1979. Appeal from the order dismissed, without costs or disbursements. The order was superseded by the judgment. Judgment reversed, without costs or disbursements, order vacated and matter remitted to Special Term for a hearing and a new determination in accordance herewith. The trial of this action in which the wife sought a separation and the husband counterclaimed for divorce terminated on its fourth day when the parties reconciled and placed a settlement stipulation on the record. As soon as that had been done, the wife's attorney (the respondent here) asked the Trial Justice to fix a counsel fee. Neither the husband's lawyer nor either of the parties objected and the court—in the words of its decision granting a counsel fee—"reserved decision on the question of counsel fees and permitted the parties to submit whatever material deemed appropriate on the question of awarding counsel fees, as well as directing the plaintiff's counsel to submit an affidavit of services rendered." Plaintiff's counsel then submitted a detailed statement of services, alleging 96½ hours of time spent and seeking a fee and disbursements totaling $11,311.75. The husband and wife both discharged their attorneys and together retained a new lawyer who opposed the respondent's application on the ground that the list of services "appears to be grossly excessive, particularly the time allegedly spent with respect to each entry." The new lawyer also argued that the court had no jurisdiction over fees, that a plenary suit was required and that, in any event, his client was entitled to a hearing on the amount of the fee. Special Term conducted no hearing and awarded a fee of $8,500. We reverse and remand for a hearing. We reject

the husband's contention and agree with the trial court that under the circumstances it had jurisdiction and could properly entertain the application despite the fact that subdivision (a) of section 237 of the Domestic Relations Law states that such awards are "to enable the wife to carry on or defend the action". As posited by the trial court, that statute "is silent with respect to awarding counsel fees where the action has been withdrawn * * * To say that because the plaintiff's attorneys made the application moments after the parties reconciled and indicated to the Court their desire to withdraw their respective actions, counsel fees may not be granted, would be bowing to semantics." This is especially so because at the time of the statement subdivision (a) of section 237 of the Domestic Relations Law had been amended to provide that "Any applications for counsel fees and expenses may be maintained by the attorney for the wife in his own name in the same proceeding" (see L 1978, ch 444, § 1, eff July 19, 1978), and an earlier order of Special Term had reserved the issue of counsel fees for the trial. Nevertheless, under the circumstances, the husband was entitled to an evidentiary hearing so that the extent and value of respondent's services could have been scrutinized in an adversarial context by the trial court and intelligently reviewed by this one. In addition to the services themselves, one of the matters that was required to be considered by nisi prius was the financial circumstances of both parties (see *Marocco v Marocco,* 53 AD2d 707; *Fomenko v Fomenko,* 50 AD2d 712, app dsmd 38 NY2d 999). When the action was discontinued, that issue had been presented to the trial court only in the wife's direct case. Although temporary alimony and counsel fees may be fixed on affidavits (see *Gelow v Gelow,* 41 AD2d 556; *Tobias v Tobias,* 36 AD2d 643), final fixation of counsel fees should be based on testimonial or other trial evidence unless the parties stipulate otherwise *(Fomenko v Fomenko, supra,* p 713). Here there was no binding stipulation and absent an evidentiary hearing, the husband had no meaningful way of testing the respondent's claims relative to time and value. Summary determination thus was improper. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.