■ MAE SINGER, Respondent, v ALEX SINGER, Appellant. — In a matrimonial action, the defendant husband appeals from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), dated February 27, 1980, as, upon granting the parties a dual divorce, awarded plaintiff alimony in the sum of $25 per week. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, the second decretal paragraph is deleted and plaintiff's application for alimony is denied. Once the court granted the parties a dual divorce, the award of alimony to the plaintiff was improper (see Domestic Relations Law, § 236; *Galietti v Galietti,* 75 AD2d 613; *De Marinis v De Marinis,* 74 AD2d 815; *Fomenko v Fomenko,* 50 AD2d 712). We note that plaintiff has not appeared. Hopkins, J.P., Gibbons, O'Connor and Thompson, JJ., concur.

■ JOSEPH VITELLO et al., Appellants, v J&J TRUCKING COMPANY et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Velsor, J.), entered May 1, 1980, which is in favor of defendants and against them, upon a jury verdict. Judgment reversed, and action remanded for a new trial on the issues of negligence and damages, with costs to abide the event. In our opinion, the record does not support the jury's determination that the defendants were entirely free of negligence when defendant Bonacum swung onto Route 110 from the Southern State Parkway after passing another vehicle which was either waiting to enter Route 110 or was in the process of doing so. Bonacum's testimony that he looked southward on Route 110 and saw no oncoming vehicles — or did not remember — is scarcely believeable. Indeed, the record so preponderates in favor of the view that there was some negligence on the part of the said defendant that we find it necessary to reverse and order a new trial on the issues of liability and damages. At such trial it will not be necessary for the "threshold" no-fault issue to be retried since the jury satisfactorily disposed of that question. Damiani, J.P., Lazer, Mangano and Weinstein, JJ., concur.