■ KAL ASSOCIATES, Respondent, v BEN-TOM RESTAURANT, INC., Appellant. — Order, entered January 12, 1983 in Appellate Term, First Department, modified, on the law, to the extent of dismissing the petition and the order is

otherwise affirmed, without costs. ¶ Appellant is a commercial tenant of respondent, operating a bar under a 10-year lease extending to the end of September, 1987. On Saturday, October 3, 1981, at 6:22 A.M., a fire "of suspicious origin" damaged appellant's establishment and the appliance store directly above it. The fire marshal's inspection, conducted but a few hours later, concluded that the fire had been started from the outside, by someone lighting and throwing flammable liquids over a fence. He did not consider it a "bad blaze," however, and there was no "structural damage to the building itself" beyond some charred beams on appellant's level. Repair work was begun that same weekend, with a contractor hired by appellant on Monday. ¶ Nonetheless, by letter of October 12, 1981 respondent objected to the repairs and by notice dated 10 days later, landlord informed tenant that the lease would be terminated at the end of the month on the basis that the premises were "wholly unusable". Appellant responded to this within four days, maintaining that the space was not unusable, but instead had suffered only minor damage. Tenant continued the repair work, completing it by the second week in November. ¶ On November 6, 1981 landlord commenced holdover proceedings in Civil Court, specifically invoking article 9 of the lease which, in pertinent part, provides that "[i]f the demised premises are rendered wholly unusable * * * Landlord may elect to terminate this lease by written notice to tenant given within 90 days after such fire". ¶ A trial was held, for the most part focusing on the extent of the damages and the nature of repair work done. The oral decision of the court held for the landlord, finding article 9 of the lease enforceable (and not unconscionable), and ruling the damage to have been sufficient for invocation of that clause. Tenant's counterclaims were dismissed for failure of proof. ¶ Appellate Term, one Justice dissenting (Riccobono, J.), affirmed, opining that the "trial court's determination that the bar premises were rendered 'totally unusable as a bar' for at least one month finds ample support in the weight of the evidence". We have reviewed the record and cannot locate this evidence. Rather, we note that, in the words of the dissent, "[t]enant's witnesses testified that the bar had never close for business at any time after the casualty and continued to operate the very day of the fire." ¶ Moreover, we note that forfeiture of this long-term leasehold will provide a windfall to landlord. Tenant has already effected $50,000 to $60,000 worth of repairs and additional refurbishing. To the extent this indicates the fire damage was great, tenant's own assumption of the cost removes any basis for allowing termination under article 9. The structural damage being slight, there is no health or public safety reason for permitting termination. ¶ In sum, we agree with the dissenter at Appellate Term, that the law construes termination clauses such as the one here strictly against the landlord. On the other hand, we affirm the dismissal of tenant's counterclaims for failure of proof. Actual, partial eviction was not shown, nor was the harassment claim. Lastly, tenant may not have it both ways, and if the premises were not unusable for purposes of allowing termination by landlord, tenant cannot succeed upon its claim of partial unusability in order to recoup its outlays for repairs and redecorating. Dismissal of these counterclaims was appropriate and we modify only to the extent of dismissing the holdover petition. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Alexander, JJ.