■ ALIZA MAWARDI, Respondent, v PURPLE POTATO, LTD., et al., Appellants.—In an action, *inter alia,* to permanently enjoin the defendants from repairing fire damage to the premises located at 487 Kings Highway, in Brooklyn, and for a judgment declaring that the lease between the parties is terminated, the defendants Purple Potato, Ltd., and Daniel S. Cohen appeal from an order and judgment (one paper), of the Supreme Court, Kings County (Vinik, J.), entered August 17, 1990, which, after a hearing, is in favor of the plaintiff, declaring the lease terminated and permanently enjoining the defendants from entering or repairing the subject premises.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff is the owner of a building containing four retail establishments. One of the stores was occupied by the appellants' restaurant. On March 28, 1990, a fire occurred at the building, forcing the restaurant and two adjoining stores to close down. The plaintiff sent a notice to the appellants terminating their tenancy pursuant to paragraph 9 (d) of the lease, which provides that the landlord may terminate the lease if the premises are wholly unusable or if the building is so damaged that the owner decides to demolish or rebuild it. The appellants, however, began to repair the premises at their own cost in order to reopen the business. The plaintiff commenced this action and obtained a preliminary injunction, enjoining the appellants from continuing repairs to the premises. The Supreme Court, after a hearing, granted the plaintiff's application for a permanent injunction and a declaratory judgment, finding the premises unusable and the plaintiff's decision to demolish reasonable and in good faith. We agree.

The evidence showed that as a result of the fire, the sheetrock ceiling and walls had been removed from the premises, and a skylight had been removed, which opened the restaurant to the elements and caused water damage. It was estimated that repairs to the restaurant would cost approximately $20,000 and take a minimum of a week. Repairs to all the damaged stores would cost about $75,000 to $100,000. This evidence was sufficient to find that the restaurant was unusable in its present condition *(see, Old Line Co. v Getty Sq. Dept. Store,* 66 Misc 2d 825). The premises were not fit to be rented or occupied and could not be used without significant repairs.

Thus, this is clearly not a situation where the tenant was able to remain in the premises despite the fire *(see, Kal Assocs. v Ben-Tom Rest.,* 99 AD2d 1002).

The lease does not require "total or substantial destruction", which the courts have interpreted to mean that the cost of restoration must exceed 50% of the value of the building before the fire *(see, Corbett v Spring Garden Ins. Co.,* 155 NY 389; *Bettinelli v Peterson Kane, Inc.,* 62 Misc 2d 444). The second clause of paragraph 9 (d) allows the landlord to terminate the lease if the building is "so damaged" that the landlord decides to demolish or rebuild it. In leases containing this language, the landlord has a broader range of discretion than in leases that require total or substantial destruction *(see, Matter of Noah's Ark v Geib,* 56 Misc 2d 800, *affd* 31 AD2d 886). In light of the amount of damage to the entire building, the plaintiff's decision to demolish was reasonable and there is no evidence of bad faith *(see, Adams Drug Co. v Knobel,* 64 NY2d 768). Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.