■ BEN BARROW et al., Appellants, v LENOX TERRACE DEVELOPMENT ASSOCIATES, Respondent. [911 NYS2d 618]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered May 11, 2010, which, in an action by a com-

mercial tenant against its landlord for damages allegedly caused by defendant's termination of the lease after a fire in the leased premises, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Three possible bases for terminating the subject lease as a result of fire are indicated in the lease: (1) the demised premises are rendered "wholly unusable"; (2) whether or not the demised premises are damaged in whole or in part, the building is "so damaged" that landlord decides to demolish it; and (3) the demised premises are "totally damaged." It would not avail tenant even if, as it argues, basis (3), which is set forth in a rider, supersedes bases (1) and (2), since the record establishes that the fire damage was so extensive as to satisfy all three bases (*see Mawardi v Purple Potato*, 187 AD2d 569 [1992]). As a result of the fire, most of the roof caved in, causing the sky to be clearly visible from inside the premises; a structural wall was listing toward the adjacent property and in danger of collapse; the Fire Department ordered the building vacated as imminently perilous to life; the air conditioner on the roof was totally destroyed; the electrical systems were beyond repair; the basement was flooded and damaged by smoke and soot; the restaurant's windows, kitchen, ceiling, and floor were completely destroyed; and most of plaintiff's personal property and fixtures were found by its insurance carrier to be a total loss. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ. [**Prior Case History: 2010 NY Slip Op 31132(U).**]