ROSALYN JEROSOLIMSKI, Appellant, *v.* JACK JEROSOLIMSKI, Respondent.

First Department, June 25, 1959.

*Sidney Burstein* for appellant.

*M. I. Gold* for respondent.

*Per Curiam.* Plaintiff wife sues for annulment of the marriage based upon fraud in its inception by concealment by defendant of his sexual impotence. At the conclusion of the trial the court at Special Term dismissed the complaint; we are of opinion a cause of action has been established and plaintiff should have judgment.

The primary question presented on appeal is whether there is corroboration of plaintiff's testimony that after the marriage ceremony the relationship was not consummated because of defendant's physical incapacity to consummate it. There is the additional question whether defendant made, as plaintiff says he did, explicit assertion of his sexual potency before the marriage; but we assume that such a representation is implicit in every offer of marriage, not otherwise explained, and we would readily find an implied representation if one were not found to have been made explicitly.

The nonconsummation of the marriage is adequately demonstrated and plaintiff's testimony that her husband was impotent

is corroborated by the testimony of a physician who examined the plaintiff before trial and testified unequivocally that in the physician's opinion the wife had not experienced sexual intercourse. (*De Baillet-Latour* v. *De Baillet-Latour*, 301 N. Y. 428.)

It appears that defendant also had been examined by a physician; but although defendant was represented by counsel on the trial, there was no consent or waiver to the testimony of such physician by defendant; and plaintiff would not be able to offer such proof without a waiver, which she had no legal means to require be given. The proof in the record is adequate to sustain a finding of fraud in the inception of the marriage contract.

The judgment should be reversed on the law and the facts and interlocutory judgment directed for plaintiff, without costs.

BREITEL, J. P., VALENTE, MCNALLY, STEVENS and BERGAN, JJ., concur.

Judgment unanimously reversed on the law and on the facts, and interlocutory judgment directed for plaintiff, without costs.

Settle order on notice.