William R. Brennan, Jr., J.
This is an action for anaulihent of marriage for fraudulent failure to procreate.
Plaintiff wife, after an eight-month engagement, was married to defendant husband in December, 1953. This action was commenced in September, 1959, shortly before the sixth wedding anniversary. Not once in this period does it appear that the parties had sexual relations without the use of contraceptives. The parties are alleged to have separated in June of 1957, but the proximity of the husband’s apartment to the home of his mother-in-law at which plaintiff is alleged to have lived for the past two and one-half years would appear to cast some doubt upon such a claim. In any event it is admitted by the plaintiff that she acquiesced in use of contraceptive devices for more than three and one-half years, and apparently because of such vital considerations as her husband’s desire to “have security in his job ”, “ take trips ”, “ have fun ”, “ live a little ”, and await a bonus from his employer.
Contracts of marriage in New York will not be dissolved for fraud unless the underlying misrepresentation relates to something vital. (Lapides v. Lapides, 254 N. Y. 73.) A promise, express or implied, to have normal sex relations with a view toward procreation is vital to the marriage. (Mirizio v. Mirizio, 242 N. Y. 74; de Baillet-Latour v. de Baillet-Latour, 301 N. Y. 428.) Thus the subject matter is such as to satisfy the basic requirement for annulment — but only if a case of fraud is made out and only if the evidence is satisfactory. (Civ. Prac. Act) § 1143.)
A case of fraud, however, though not precisely definable, is still based upon misrepresentation, scienter, reliance and change of position, and each of these elements must be shown. Thus, a premarital fraudulent intent is essential (de Baillet-Latour, supra), as is a reliance upon the misrepresentation. (Shonfeld v. Shonfeld, 260 N. Y. 477.) The change of position must be related to the misrepresentation in such a way that the party deceived would not have entered into the marriage state had it not been for the misrepresentation, (di Lorenzo v. di Lorenzo, 174 N. Y. 467.) There is in addition a statutory requirement inherent in the cause of action that there be no condonation of the fraud by voluntary cohabitation after discovery of the facts. (Civ. Prac. Act, § 1139; Aghnides v. Aghnides, 308 N. Y. 530.)
Leaving for a moment the quantum of the required proof, we turn now to the quality of the evidence offered in support of the cause of action. First it must consist of more than the mere declaration or admission of either party to the marriage. (Civ. Prac. Act, § 1143.) Moreover, the other evidence must be *568 “ 1 substantial and reliable enough to satisfy the conscience of the trier of the facts ’ ”. (Woronzoff-Daschkoff v. Woronzoff-Daschkoff , 303 N. Y. 506.)
Thus under the statutes and under the case law enunciated by the Couid of Appeals, no annulment should be granted for refusal to procreate unless the conscience of the trier of the facts is satisfied from the primary testimony and the corroboration that there was in fact a premarital fraudulent intent not to have children, that the other party to the marriage would have, refused to enter the marriage state if aware of that intent, and that the same deceived party ceased cohabitation immediately after becoming so aware.
Though the foregoing principles are clear, their application to similar fact situations has resulted in a great conflict of authority in uncontested cases. This appears to stem from the difficulties courts have had with the principle enunciated in Lomer v. Meeker (25 N. Y. 361) to the effect that the positive testimony of an unimpeached, uncontradicted witness cannot be disregarded. See Coppo v. Coppo (163 Misc. 249) and Hochman v. Hochman (68 N. Y. S. 2d 886) for opposite views.
Without specifically applying the Lomer principle to undefended matrimonial inquests, the Appellate Division in this Department has nevertheless indicated that its rationale should be applied. In a series of uncontested annulment cases that court reversed dismissals of complaints where a prima facie case was made. (Ferguson v. Ferguson, 271 App. Div. 976; Ferrillo v. Ferrillo, 272 App. Div. 779; Fundaro v. Fundaro, 272 App. Div. 825.) (These were cases where an Official Referee had rendered a report granting the annulment but where Special Term had denied a motion to confirm the report.) (Fornatora v. Fornatora, 275 App. Div. 847; Brasca v. Brasca, 276 App. Div. 1018.) (These are cases where the Official Referee dismissed the complaints and the appeals were taken directly from his disposition.)
All these cases, however, were decided between February, 1947' and March, 1950, before the decisions of the Court of Appeals in de Baillet-Latour and Woronzoff-Daschkoff (supra). The Court of Appeals has now defined the quality of proof necessary to the granting of an annulment as being 11 substantial and reliable enough to satisfy the conscience of the trier of the facts ”. Pro *arma, parrotlike, prima facie proof, presented by interested witnesses who must of necessity be 1 ‘ uncontradicted ’ ’ and ‘ ‘ ummpeached ” in an uncontested matrimonial action, would, if it had to be accepted in every case under the Lomer doctrine, render the “ conscience ” principle meaning *569 less. It is thus concluded that the unimpeached, uncontradicted testimony of a witness may be rejected by the trier of the facts in an uncontested matrimonial inquest. This appears to be borne out by the more recent cases. (Schumer v. Schumer, 205 Misc. 235; Lopez v. Lopez, 10 Misc 2d 367; Dougherty v. Dougherty, 10 Misc 2d 429; Johnson v. Johnson, 10 Misc 2d 561; Gardner v. Gardner, 283 App. Div. 1004; Marks v. Marks, 283 App. Div. 1136; Vanderhorst v. Vanderhorst, 282 App. Div. 312.)
The court is not satisfied that there was ever a premarital fraudulent intent on the part of the defendant not to procreate, nor is it satisfied that this plaintiff would not have married the defendant if aware of such an intent. Moreover, if there ever were such an intention the court is convinced that this plaintiff would have become aware of it very early in the marriage. Her acquiescence for the lengthy period in question amounted to a condonation. The complaint is therefore dismissed.