ESTELLE F. SOPHIAN, Respondent-Appellant, v. MANFRED GRAF VON LINDE, Appellant-Respondent.

First Department, October 27, 1964.

*Allen J. Kaplan* of counsel (*Siken & Kaplan,* attorneys), for respondent-appellant,

*Harry R. Pollak* for appellant-respondent.

STEUER, J.   This is an action for annulment of a marriage. The marriage took place on March 1, 1962.  On March 11 the couple went on their honeymoon in Haiti.  On March 14 the wife died there.  The action is brought by an aunt of the deceased wife.  No question of the capacity of the plaintiff to bring the suit is raised.

Annulment was sought on the basis of fraudulent misrepresentations inducing the wife to enter into the marriage.  There were three causes of action, each based on representations of a different character.  The first alleged that defendant misrepresented his age, origin and ancestry.  The second alleged that he concealed the fact that he was a homosexual.  And the third alleged that he misrepresented his intentions to have normal sexual relations with his wife.  The court dismissed the second cause of action for failure of proof and submitted the other two causes of action to the jury.  The latter found for the plaintiff on both causes of action.

As to the first cause of action, it was established beyond doubt that defendant's real name is Robert Dent and that he is a native of Birmingham, Alabama.  He married under the name of Manfred Graf Von Linde, a name which he continues to use; and at the trial he claimed the protection of the Fifth Amendment as to all inquiries as to how he came to adopt it.  There was ample evidence that he represented that he was born in Germany, was a member of the nobility, as the use of the word " Graf " (Count) indicates, and that he was a potential heir to the family estates in Germany.  There was no more than formal denial of these facts, the sole issue being whether he had informed his deceased wife prior to the marriage that these representations were untrue.  The jury resolved this factual issue against defendant.

It is defendant's contention that the allegations of this cause of action provide no ground for relief because, even if the representations were false and relied upon, they were not material. It is quite true that to annul a marriage, on the ground of misrepresentation the misrepresentation must be of a material fact. And a material fact in this connection by definition is one that actually induced the deceived party to enter into the marriage. Yet, this is not exactly the way the law has developed.  At one time it was the law that only a representation which affected the legal or physical capacity to enter into a marriage was material (*Wendel* v. *Wendel*, 30 App. Div. 447).  But this rule was completely abrogated: " The free and full consent, which is

of the essence of all ordinary contracts, is expressly made by the statute necessary to the validity of the marriage contract. The minds of the parties must meet in one intention. It is a general rule that every misrepresentation of a material fact, made with the intention to induce another to enter into an agreement and without which he would not have done so, justifies the court in vacating the agreement. It is obvious that no one would obligate himself by a contract, if he knew that a material representation, entering into the reason for his consent, was untrue. There is no valid reason for excepting the marriage contract from the general rule." (*di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467, 472.) This language does not go to the extent that every misrepresentation by which the individual's consent was obtained is actionable. The test laid down is based on the premise that, as the statute does not define what constitutes fraud, "The court is left free to meet each case as it arises and to apply to the defendant's conduct the immemorial test of fair and conscientious dealing." (*Shonfeld* v. *Shonfeld,* 260 N. Y. 477, 479.)

No departure from this test has ever been announced. Under a rule so flexible it is not possible to reconcile all decisions without recourse to a minute examination of the facts in each case. As the emphasis has been shifted from what concerned the plaintiff to the motivation of the defendant, it is seen that representations of such indefinables as love and affection (*Schaeffer* v. *Schaeffer,* 160 App. Div. 48) and personal aggrandizement, akin to " puffing " in commercial cases, were held not actionable. (See *Woronzoff-Daschkoff* v. *Woronzoff-Daschkoff,* 303 N. Y. 506.) But even the same general type of representation may have varying results, depending on the attendant circumstances.

In this case the status of the parties, the bald-face fraud practiced for an obvious venal purpose on a woman peculiarly susceptible to this kind of allure, provided an issue as to the fairness of defendant's dealing. Its resolution by the jury is not in conflict with our law.

As for the third cause of action, there is, and there could be, no dispute that, if the defendant never intended to have normal sexual relations with his wife and either concealed or misrepresented this state of mind, it would constitute fraud material to the marriage contract. The objection here is as to the proof that defendant had such an intent. Proof of an intent rarely rises to a degree that absolutely precludes a finding to the contrary. The proof here was as to defendant's statements and conduct after the marriage. Here also the fact that the person whose testimony would be expected to shed the most light on

the facts, namely, the wife, was dead, made the proof more difficult. But there was proof, and the greater part of defendant's argument is devoted not to its sufficiency but to its credibility. That was a matter for the jury, and we cannot say that their conclusion was against the weight of the evidence.

In the view we take, it is unnecessary to consider the appeal from the dismissal of the second cause of action. However, a brief statement of our views might be in order in the event that a retrial should ever become necessary. Dismissal was on the ground of failure of proof. The proof consisted of one act of homosexuality committed some 16 years prior to the marriage. There was also proof that the deceased wife had a very marked aversion to sexual deviation. The court concluded, rightly, we believe, that this single act was not proof of defendant's sexual character, nor was the proof of the wife's aversion sufficient to draw the inference that, had she known of this single act long antedating the marriage, she would not have accepted defendant's proposal. However, subsequent to the verdict plaintiff moved on the basis of newly discovered evidence for judgment on the second cause of action. The newly discovered evidence consisted of records of the United States Navy Department showing a long and continuous history of homosexuality. These records had been subpœnaed for the trial but were not made available by the Navy Department until after the verdict was rendered. The court denied the motion. The denial could be sustained on two grounds, namely, that in view of the verdict it was unnecessary and that the relief asked for, judgment under CPLR 4404 and 5015, was more than the plaintiff was entitled to. We believe that the motion should have been granted to the extent of correcting the record to indicate that the dismissal of the second cause was not on the merits and hence allowing that cause of action to be submitted to a jury, if the same should ever become advisable. We might also point out that this evidence would also be material on the third cause of action, if supported by appropriate expert medical testimony.

Judgment for plaintiff should be affrmed, with costs and, on cross appeal, order denying motion for judgment on the second cause of action modified to correct the record to show that the dismissal of the second cause of action was not on the merits and, as so modified, affirmed, without costs.

STALEY, JR., J. (dissenting). The defendant appeals from a judgment in favor of the plaintiff annulling the marriage heretofore existing between Lucille Rogers, deceased, and the defendant because of fraud practiced by the defendant upon Lucille Rogers during her lifetime.

The plaintiff was successful in her first and third causes of action. The first cause of action was based on defendant's misrepresentation of his ancestry and origin and his claim of noble birth. The third cause of action was based on defendant's misrepresentation of the fact that he never intended to have sexual intercourse with his wife after marriage which marriage was never consummated. The second cause of action was dismissed by the trial court at the end of plaintiff's case which cause of action was based on defendant's concealment of the fact that he was a homosexual. The defendant and Lucille Rogers were married on March 1, 1962 and, while honeymooning in Haiti, defendant's wife died suddenly on March 14, 1962. Defendant was concededly born Robert E. Dent in Birmingham, Alabama.

We believe that the evidence presented in support of the first and third causes of action was insufficient to establish grounds for an annulment particularly on the issue of whether or not Lucille Rogers would have refused to marry the defendant if the true facts had been revealed to her. (*Lapides* v. *Lapides,* 254 N. Y. 73.) The evidence presented in support of the third cause of action that the marriage between Lucille Rogers and the defendant was never consummated was based on the testimony of the Haitian chauffeur employed by the defendant relating to conversations he overheard by Lucille Rogers and the defendant while they were riding as passengers in the back seat of an automobile. An annulment should be granted only if a case of fraud is made out and only if the evidence is satisfactory. (*Roger* v. *Roger,* 24 Misc 2d 566.) In all actions for annulment for fraud it is necessary to prove that there has been no acquiescence by the deceived party in the fraud of the other. This depends on time, circumstances and the necessity of reasonable good sense and judgment in seeing the manifestations after marriage of the fraudulent purpose (*Shonfeld* v. *Shonfeld,* 260 N. Y. 477; *di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467). We also believe that the dismissal of the second cause of action should be reversed on the ground that the exhibits presented to this court on appeal if admitted in evidence might well justify a jury in granting the annulment on the grounds stated in the second cause of action.

The verdict of the jury in the first and third causes of action should be set aside and the order of the trial court dismissing the complaint in the second cause of action should be reversed and a new trial ordered on all three causes of action.

McNALLY, J. P., and EAGER, J., concur with STEUER, J.; STALEY, J., dissents in opinion in which STEVENS, J., concurs.

Judgment modified to the extent of correcting the record to indicate that the dismissal of the second cause of action was not on the merits, and, as so modified, affirmed, with $50 costs to plaintiff-respondent-appellant.