◼ MAUREEN P. O'CONNELL, Appellant, v JOHN J. O'CONNELL, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court denying plaintiff a divorce, entered November 7, 1984 in Albany County, upon a decision of the court at Trial Term (Williams, J.), without a jury.

Plaintiff contends that Trial Term erred in finding the proof adduced at trial insufficient to establish that defendant's

conduct constituted cruel and inhuman treatment within the meaning of Domestic Relations Law § 170 (1). We disagree and affirm.

The trial court has broad discretion as to whether to grant a cruelty divorce, but "such a divorce cannot be granted simply because the court concludes that there is a 'dead marriage' " (Brady v Brady, 64 NY2d 339, 345-346). In the Brady case, the court reaffirmed its holding in Hessen v Hessen (33 NY2d 406), explaining: "In Hessen v Hessen * * * we held that a plaintiff seeking a divorce under the cruel and inhuman treatment subdivision must show serious misconduct, and not mere incompatibility. Subsequent cases have established that a plaintiff, relying on this subdivision, must generally show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper * * * The subdivision requires a finding of fault and thus a showing of irreconcilable or irremediable differences is insufficient by itself" (Brady v Brady, supra, p 343 [citations omitted]).

An additional principle, relevant to this case, is the requirement of "a high degree of proof of cruel and inhuman treatment where there is a marriage of long duration" (id., p 344). A review of the record in light of these principles convinces us that Trial Term properly found plaintiff's proof insufficient to meet her heavy burden, despite evidence of lack of communication, unpleasantness, strain and irreconcilable differences between the parties, which prompted Trial Term to state that the parties' marriage, having lasted 22 years and produced eight children, "will not be saved".

Judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.