■ GILBERT M. LIPSET, Respondent, v MYRA LIPSET, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 17, 1988, as denied those branches of her motion which were for summary judgment dismissing the complaint based upon a ground asserted in CPLR 3211 (a) (7), and to vacate the plaintiff husband's note of issue.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were for summary judgment dismissing the complaint based upon a ground asserted in CPLR 3211 (a) (7) and to vacate the plaintiff's note of issue are granted.

The plaintiff and the defendant were married in 1954. In or about June 1986 the plaintiff admittedly "met another woman and left [his] wife". Thereafter, the defendant in March 1987 sought a divorce on the grounds of adultery and cruel and inhuman treatment. That action was discontinued. The plaintiff then commenced this action on the ground of cruel and inhuman treatment. His complaint alleged, in pertinent part, that the defendant had "socialized with and has had sexual relations with a male to whom she is not married". However, in his affidavit in opposition to the defendant's motion, the plaintiff indicated that the defendant's conduct occurred after he had left her and that the defendant's activities merely

caused him "embarrassment", "discomfort", and resulted in many "strained relationships" with friends and relatives.

It is well settled that a plaintiff seeking a divorce on the ground of cruel and inhuman treatment must allege "a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" *(Brady v Brady,* 64 NY2d 339, 343; *Del Gatto v Del Gatto,* 142 AD2d 545; *see,* Domestic Relations Law § 170 [1]). The averments in the complaint, when supplemented with the allegations set forth in the plaintiff's affidavit *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633), clearly indicate that the plaintiff has no cause of action for a divorce based upon cruel and inhuman treatment. The plaintiff stopped cohabiting with his wife prior to her alleged relationship with another man. Further "strained relationships", "embarrassment" and "discomfort" do not constitute physical or mental harm which would render cohabitation unsafe or improper *(see, O'Connell v O'Connell,* 116 AD2d 823).

Accordingly, the complaint is dismissed and the plaintiff's note of issue is stricken. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.