■ HAROLD BRAZIL, Appellant, v GEORGIANA BRAZIL, Respondent. [651 NYS2d 721] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Hughes, J.), denying, *inter alia*, plaintiff an annulment of the parties' marriage, entered December 11, 1995 in Albany County, upon a decision of the court.

Plaintiff, who is currently 76 years old, and defendant, who is 70 years old, married in May 1955 and divorced in July 1976. The parties remarried in September 1992 in Nevada. They discussed the possibility of moving to Arizona since plaintiff felt the climate would be beneficial to his active rheumatoid arthritis. Plaintiff further suffers from prostate cancer resulting in his cancerous prostate being removed in

June 1992. He is currently undergoing hormonal therapy (chemotherapy) in an attempt to suppress the disease. Due to plaintiff's medical condition, of which defendant was aware prior to the remarriage, the second marriage was never consummated. Upon their return to the Capital District after the marriage, each party returned to his or her respective residence in Albany County.

In November 1992, the parties placed a down payment on a home in Florida and eventually purchased the home, in joint title, in January 1993 with plaintiff's funds. Thereafter, defendant moved to the Florida home and urged plaintiff to follow. When defendant moved, she shipped approximately 140 boxes of plaintiff's personalty, which plaintiff had been storing in defendant's Albany County residence, to Florida with plaintiff's knowledge and consent. Thereafter, despite plaintiff's claim that he told defendant that he was not going to move to Florida because he wanted to remain close to his Albany County physicians, plaintiff shipped the contents of his Albany County apartment to Florida. He also obtained permission to terminate the lease on this apartment and changed the forwarding address on some of his mail to the Florida address. From June 30, 1993 to July 6, 1993, plaintiff resided with defendant in the Florida residence. During such time period, plaintiff also joined a club in Florida.

On July 6, 1993, plaintiff left Florida, returned to Albany County, signed a lease for his former apartment and, in October 1994, initiated this action seeking an annulment of the parties' marriage by reason of defendant's alleged fraud in the inducement, disregard of her wifely duties, and failure to cohabit and to consummate the marriage. Plaintiff also brought causes of action for unjust enrichment and requested the imposition of a constructive trust and replevin of his personalty which he claimed was in defendant's possession. Defendant counterclaimed for divorce on the ground that plaintiff had willfully abandoned her and sought maintenance, equitable distribution and counsel fees.

In June 1995, defendant was ordered by Supreme Court to file her statement of net worth and to submit to an examination before trial. Defendant did not comply with this order and did not appear on the scheduled August 17, 1995 trial date, apparently because she was out of the country and believed the trial was going to be adjourned. As a result, Supreme Court struck defendant's answer and a trial ensued (*see*, Domestic Relations Law § 144 [1]), at which plaintiff was the sole witness. Subsequently, Supreme Court ruled that plaintiff had not

established his claim for a judgment annulling the marriage. In addition, the court denied plaintiff's motion to conform the pleadings to the proof and to grant a divorce on the ground that defendant had abandoned plaintiff. Plaintiff appeals.

We affirm. Initially, we agree with Supreme Court that plaintiff was not entitled to a judgment annulling the parties' marriage. In order for plaintiff to succeed in proving his entitlement to an annulment based on fraud in the inducement, it was necessary for him to prove that defendant made premarital representations to him upon which he relied and which were material to the degree that, had such representations not been made, plaintiff would not have consented to the marriage (*see, Kober v Kober*, 16 NY2d 191, 194-195; *Di Lorenzo v Di Lorenzo*, 174 NY 467, 471). Furthermore, the fraud must be of a nature such that an ordinarily prudent person would be deceived (*see, Kober v Kober, supra*, at 195; *Di Lorenzo v Di Lorenzo, supra*, at 474-475).

Here, plaintiff's principal allegation of fraud in the inducement is his claim that defendant misrepresented to him that she would reside with him primarily in the Capital District after they married and that he did not discover defendant's true intentions until after October 1992. Plaintiff testified at trial, however, that it was his "feeling" that defendant was agreeable to sharing a principal residence in the Capital District with him and not that defendant actually promised this to him. In fact, plaintiff testified that defendant did not confirm or dispute his statements in that regard. The silence attributed to defendant cannot be equated with a promise on her part.

In addition, we cannot say that an ordinarily prudent person would have been deceived into marriage based on defendant's failure to clearly respond to plaintiff's statement of desire. Indeed, even if such an omission could be characterized as a representation, plaintiff never testified that he would not have married defendant if she had "represented" that she would not live in the Capital District; rather, he candidly stated that he had married defendant because he loved her. Due to the failure of proof as to this issue, there is no need for us to determine whether a statutory bar to plaintiff obtaining an annulment on this ground exists by reason of the parties' voluntary cohabitation in Florida subsequent to the time plaintiff claims he learned of the alleged fraud, but prior to the time he commenced the action for annulment (*see*, Domestic Relations Law § 140 [e]).

There is also insufficient evidence in this record that defendant *fraudulently* promised plaintiff that she would take care

of him. Although plaintiff testified that defendant had told him that she would take care of him, he also admitted that defendant had repeatedly asked him to move to Florida to be with her. In addition, with regard to the lack of consummation of the marriage, we find no evidence of fraud as to this issue (*cf., Jerosolimski v Jerosolimski*, 8 AD2d 301; *Anonymous v Anonymous*, 74 NYS2d 899, 902-903). Furthermore, even assuming, arguendo, that plaintiff's testimony had been sufficient to state a prima facie case for annulment on the basis of fraud in the inducement, we note that there was insufficient "satisfactory evidence" presented by plaintiff to satisfy the corroboration requirement of Domestic Relations Law § 144 (2) (*see, Woronzoff-Daschkoff v Woronzoff-Daschkoff*, 303 NY 506, 513).

Next, we reject plaintiff's argument that a constructive trust should have been imposed upon property which is currently occupied by defendant, namely, the Florida residence. In order to establish that a constructive trust should be imposed on property, a plaintiff bears the burden of showing that (1) a confidential or fiduciary relationship exists, (2) there is an express or implied promise to reconvey the property, (3) the property was conveyed in reliance on such promise, and (4) unjust enrichment will occur if the trust is not imposed (*see, Sharp v Kosmalski*, 40 NY2d 119, 121; *Matter of Wieczorek*, 186 AD2d 204, 205, *lv dismissed* 81 NY2d 990).

Here, while a confidential relationship exists between the parties due to their marital relationship, and a court can infer that a promise existed where property was transferred in reliance upon a confidential relationship (*see, Sharp v Kosmalski, supra*, at 122; *Tordai v Tordai*, 109 AD2d 996), it is clear that there was no transfer in the instant situation. Plaintiff is co-owner of the Florida residence which the parties purchased jointly. There is no proof that there was a transfer of property to defendant in reliance on a promise that defendant reconvey the property to plaintiff at a future time. Furthermore, the trial evidence upon which plaintiff relies for his argument that he "transferred" money to defendant in reliance upon her promise to cohabit and perform wifely duties was insufficient insofar as it was based on plaintiff's expectations rather than defendant's promises. Therefore, inasmuch as plaintiff failed to meet his burden of proof (*see, Scivoletti v Marsala*, 61 NY2d 806; *Barnes v Byrnes*, 153 AD2d 831, *lv denied* 75 NY2d 705; *Baker v Latham Sparrowbush Assocs.*, 137 AD2d 934, 936-937, *lv denied* 72 NY2d 809), plaintiff's request for a constructive trust to prevent unjust enrichment was properly denied.

Finally, we conclude that Supreme Court properly denied

plaintiff's motion pursuant to CPLR 3025 (c) to conform the pleadings to the proof since, based upon the proof submitted, there is no merit to the divorce cause of action. In order to obtain a divorce on the basis of abandonment, plaintiff was required to prove that defendant had abandoned him for a period of one or more years (*see,* Domestic Relations Law § 170 [2]) at the time of the commencement of the divorce action (*see,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 604). Furthermore, plaintiff bore the burden of showing that there had been a voluntary separation of one spouse from the other, with the intent not to resume cohabitation, without consent or justification (*see,* 1 Foster, Freed and Brandes, Law and the Family § 6:15, at 432 [2d ed]; *see also, Schine v Schine,* 31 NY2d 113, 119; *Hage v Hage,* 112 AD2d 659, 661). Since plaintiff was not excluded from the marital residence nor was there proof of an unjustified refusal by defendant to engage in sexual relations, plaintiff could only be claiming abandonment as a result of actual physical departure from the marital residence (*see,* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 605-608). Here, the evidence indicates that the parties did not live together prior to defendant's relocation to Florida and there is no proof that plaintiff did not consent to this move. Plaintiff testified that defendant repeatedly requested that he move to Florida to be with her and he in fact briefly did so. Under these circumstances, Supreme Court did not err in denying plaintiff's motion.

The remaining arguments raised have been considered and found to be unpersuasive.

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, without costs.