■ GERARD MURRAY, Respondent, v DYANDRIA MURRAY, Appellant. [706 NYS2d 164] —In an action to annul a marriage, the

defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Satterfield, J.), dated December 24, 1998, as, after a nonjury trial, annulled the marriage.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to annul his marriage to the defendant alleging, *inter alia*, that the defendant fraudulently misrepresented her prior marital status and her age, and concealed the fact that she had a 17-year-old child. Domestic Relations Law § 7 (4) provides that a marriage is void if consent to such marriage was procured by fraud. The fraud must be material to the marriage (*see, Sophian v Von Linde,* 22 AD2d 34, *affd* 16 NY2d 785). Fraud is material where it is proven that the plaintiff relied on premarital representations and, had such representations not been made, he or she would not have consented to the marriage (*see, Brazil v Brazil,* 235 AD2d 611). The fraud must be of a nature that a reasonably prudent person would be deceived (*see, Brazil v Brazil, supra*).

The evidence at trial demonstrated that the fraudulent representations made by the defendant were material and that the plaintiff would not have consented to the marriage had the representations not been made (*see, Brazil v Brazil, supra*). Therefore, the court did not err in granting the annulment.

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.