■ Monika Heilbut, Respondent, v Francis Heilbut, Appellant. [746 NYS2d 294]

The parties were married in May 1971 and have one adult child. At trial, plaintiff testified that in January 1987 defendant stated he no longer wanted to be married, changed his residence to another location and no longer engaged in sexual relations with her. Both parties agreed that plaintiff moved from the marital home in April 1988, after which defendant returned. Although defendant provided an alternative version of what transpired in 1987, inconsistent with plaintiff's allegations of abandonment, the record contains ample support for the trial court's findings which resolved credibility in favor of plaintiff (*Gunn v Gunn*, 240 AD2d 704, *lv dismissed and denied* 91 NY2d 911). Abandonment requires an unjustified, voluntary

departure with an intention on the part of the departing spouse not to return (*Bazant v Bazant*, 80 AD2d 310, 314), against the will and without the consent of the complaining spouse (*Belandres v Belandres*, 58 AD2d 63, 64). Defendant abandoned plaintiff when, without justification or consent, he departed from the marital home and resided in another apartment for more than one year.

With respect to equitable distribution, the 1971 prenuptial agreement was properly found to be invalid since it was premised upon a scheme to circumvent immigration laws and was also contrary to public policy since it purported to eliminate essential aspects of every marriage, viz., spousal duties, responsibilities and rights (*see, Hartman v Bell*, 137 AD2d 585; *and, cf., Bloomfield v Bloomfield*, 97 NY2d 188, 193). We have reviewed defendant's other contentions regarding the IAS court's resolution of equitable distribution and find them to be without merit.

The trial court properly denied defendant's application for maintenance since he did not seek maintenance until 10 years after the action was commenced and defendant has not demonstrated any change in his income or standard of living established during the marriage. Finally, while an award of counsel fees is within the discretion of the trial court (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879), defendant submitted documented attorney's fees in excess of $41,000, plaintiff is in a clearly superior financial position, and an award to defendant is required to enable him to obtain representation (*Charpié v Charpié*, 271 AD2d 169). We therefore award counsel fees to defendant in the amount sought, including fees for work performed in connection with this appeal. Concur—Tom, J.P., Buckley, Ellerin, Rubin and Gonzalez, JJ.