■ BEVERLY J.R. JOHNSON, Appellant, v ORVILLE M. JOHNSON, Respondent. [778 NYS2d 905]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 6, 2003, which, in effect, granted the defendant's oral application, made at the close of the plaintiff's case pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the application is denied, and the complaint is reinstated.

The plaintiff commenced this action seeking, inter alia, a divorce on the ground of abandonment (*see* Domestic Relations Law § 170 [2]). At the close of the plaintiff's case, the Supreme Court granted the defendant's oral application pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint. We reverse.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by

which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *see Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556 [2003]). The court is not to engage in weighing the evidence, and the motion should not be granted where different inferences may be drawn from the facts (*see O'Brien v Covert,* 187 AD2d 419 [1992]). Here, viewing the evidence in a light most favorable to the plaintiff, there was a rational process by which the factfinder could have found that the defendant voluntarily abandoned the marital home without provocation or justification, and remained away for more than one year without intent or a bona fide offer to return, against the will and without the consent of the plaintiff (*see Diemer v Diemer,* 8 NY2d 206 [1960]; *Aghnides v Aghnides,* 308 NY 530 [1955]; *Heilbut v Heilbut,* 297 AD2d 233 [2002]; *Casale v Casale,* 111 AD2d 737 [1985]). Thus, the Supreme Court should not have granted the defendant's oral application, made at the close of the plaintiff's case pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint (*see Davey v Davey,* 293 AD2d 444 [2002]). Prudenti, P.J., Ritter, Cozier and Skelos, JJ., concur.