■ MONIKA HEILBUT, Respondent, v FRANCIS HEILBUT, Appellant. [786 NYS2d 481]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered December 8, 2003, which, in postdivorce proceedings, upon plaintiff's motion to hold defendant in contempt, enjoined defendant from interfering with plaintiff's implementation of a prior order, entered October 23, 2000 (Sherry Klein Heitler, J.), directing sale of the parties' marital residence, awarded related relief intended to facilitate such sale, and, in effect, held a finding of contempt in abeyance; order,

same court and Justice, entered January 20, 2004, which, inter alia, denied defendant's motions to stay the December 8, 2003 order in light of plaintiff's medical condition; and order, same court and Justice, entered January 22, 2004, holding defendant in contempt of the December 8, 2003 order, unanimously affirmed, with separate bills of costs. Defendant is directed to comply with the above orders forthwith; should he not do so within 10 days of the date of this order, the trial court is directed to consider the imposition of appropriate sanctions against defendant.

Justice Klein Heitler's order states that it is confirming a Special Referee's report recommending "[t]hat all marital property, including the [parties' marital] Apartment should be split between plaintiff and defendant on a 50-50 basis." Given defendant's inferior financial position (*see* 297 AD2d 233, 234 [2002], *lv dismissed in part and denied in part* 99 NY2d 643 [2003]), he could only have understood this to mean that the apartment was to be sold with the proceeds evenly divided. Although we do not find it to be so, if defendant genuinely thought the order was ambiguous as to whether there was to be a sale, he should have sought a clarification from Justice Klein Heitler before acting on his own hypertechnical and bad-faith reading of the above-quoted language (*see Hero Boy v Dell'Orto*, 306 AD2d 226, 227 [2003], citing *Allan Dampf, P.C. v Bloom*, 122 AD2d 185, 186 [1986]). After the December 8, 2003 order, defendant was given ample opportunity to provide access to the apartment and otherwise comply with his obligation to facilitate a sale thereof before being held in contempt in the January 22, 2004 order, which was issued after a hearing at which defendant failed to appear. We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Ellerin, Marlow and Catterson, JJ.