■ KARL GERTEIS, Respondent, v CECELIA GERTEIS, Appellant. [843 NYS2d 425]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) a decision of the Supreme Court, Dutchess County (Brands, J.), dated October 4, 2005, and (2) a judgment of the same court dated May 16, 2006, which, after a nonjury trial, awarded the plaintiff a divorce on the ground of abandonment and, upon her default in appearing at the trial, directed the equitable distribution of the marital property.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from so much of the judgment as directed the equitable distribution of the marital property is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

Domestic Relations Law § 170 (2) provides that an action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage based on "[t]he abandonment of the plaintiff by the defendant for a period of one or more years." "Abandonment is almost always a question of fact" (*James v James*, 13 AD3d 583, 585 [2004] [S. Miller, J., concurring]; *see Aliperti v Laurel Links, Ltd.*, 27 AD3d 675 [2006]). The plaintiff made out a prima facie case of abandonment by demonstrating that the defendant failed to fulfill the " 'basic obligations springing from the marriage contract' " for one or more years (*Diemer v Diemer*, 8 NY2d 206, 210 [1960], quoting *Mirizio v Mirizio*, 242 NY 74, 81 [1926]; *see* Domestic Relations Law § 170 [2]), and that her conduct was neither justified nor consented to by the plaintiff (*see Schine v Schine*, 31 NY2d 113, 119 [1972]; *cf., Haymes v Haymes*, 221 AD2d 73, 76 [1996]). Moreover, the defendant neither pleaded nor proved justification (*see Maryon v Maryon*, 60 AD2d 623 [1977]). Thus, we discern no reason to disturb the Supreme Court's conclusion that she abandoned the marital residence for more than a year and did not intend to return (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Accordingly, the Supreme Court properly

awarded the plaintiff a divorce on the ground of abandonment (*see Maryon v Maryon*, 60 AD2d 623 [1977]).

Since the portion of the judgment directing the equitable distribution of the marital property was entered upon the defendant's default in appearing at the trial on that issue, the appeal from that portion of the judgment must be dismissed (*see* CPLR 5511; *Atwater v Mace*, 39 AD3d 573, 573-574 [2007]).

The defendant's remaining contention is without merit. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.