■ Priscilla Kaplan, Appellant, v Richard Kaplan, Respondent. [847 NYS2d 626]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated June 2, 2006, as granted that branch of the defendant's motion which was for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In April 2003, during a session of marriage counseling, the plaintiff revealed to the defendant that she was involved in a long-term extramarital affair. In January 2004, following a family vacation, the defendant moved out of the marital residence. More than one year later, the plaintiff commenced this action for a divorce, after 17 years of marriage, on the grounds of abandonment and cruel and inhuman treatment. The Supreme Court subsequently granted that branch of the defendant's motion which was for summary judgment dismissing the amended complaint.

To establish entitlement to a divorce predicated on a cause of action for abandonment, a plaintiff must demonstrate that the defendant unjustifiably and without the plaintiff's consent abandoned the plaintiff for a period of one or more years (see Domestic Relations Law § 170 [2]; Schine v Schine, 31 NY2d 113, 119 [1972]). Here, the defendant established, prima facie, his entitlement to summary judgment dismissing the plaintiff's abandonment cause of action as he submitted an affidavit alleg-

ing, inter alia, that he was justified in leaving the marital residence by the plaintiff's admission to the extramarital affair. In opposition to the defendant's prima facie showing, the plaintiff did not deny that she admitted to the affair in April 2003 and failed to raise a triable issue of fact as to whether the defendant was justified in leaving the marital home.

Further, the defendant was entitled to dismissal of the cause of action for a divorce on the ground of cruel and inhuman treatment. Domestic Relations Law § 170 (1) defines cruel and inhuman treatment as the treatment of the plaintiff by the defendant "such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (*Hessen v Hessen*, 33 NY2d 406, 409 [1974]). Where, as here, the marriage is one of a long duration, a very high degree of proof is required for termination on the ground of cruel and inhuman treatment (*see Brady v Brady*, 64 NY2d 339, 344 [1985]; *Hessen v Hessen*, 33 NY2d 406 [1974]; *see also Jacob v Jacob*, 8 AD3d 725 [2004]). While objective proof of physical or mental injury is not a prerequisite for obtaining a divorce on the ground of cruel and inhuman treatment (*see Levine v Levine*, 2 AD3d 498, 499-500 [2003]), the defendant established, prima facie, his entitlement to summary judgment dismissing the cause of action for a divorce on the ground of cruel and inhuman treatment as the plaintiff's allegations of embarrassment and discomfort were insufficient (*see Lipset v Lipset*, 150 AD2d 648, 649 [1989]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the amended complaint.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur. [*See* 12 Misc 3d 1167(A), 2006 NY Slip Op 51071(U).]