■ SHIKHA GULATI, Respondent, v DINESH GULATI, Appellant. [876 NYS2d 430]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mackenzie, J.), dated February 11, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on her third cause of action for a divorce on the ground of abandonment and, in effect, denied his application to award him summary judgment dismissing the third cause of action for a divorce on the ground of abandonment and the sixth cause of action for a separation on the ground of abandonment.

Ordered that on the Court's own motion, the defendant's notice of appeal from that portion of the order which denied his application to award him summary judgment dismissing the third cause of action for a divorce on the ground of abandonment and the sixth cause of action for a separation on the ground of abandonment is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on her third cause of action for a divorce on the ground of abandonment, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to Domestic Relations Law § 170 (2), an action for a divorce on the ground of abandonment may be maintained when the defendant abandons the plaintiff for a period of one or more years. "To establish entitlement to a divorce predicated on a cause of action for abandonment, a plaintiff must demonstrate that the defendant unjustifiably and without the plaintiff's consent abandoned the plaintiff for a period of one or more years" (*Kaplan v Kaplan,* 46 AD3d 628, 628 [2007]; *see also Schine v Schine,* 31 NY2d 113, 119 [1972]; *Gerteis v Gerteis,* 44

AD3d 709 [2007]; *Johnson v Johnson,* 8 AD3d 625, 626 [2004]; *Heilbut v Heilbut,* 297 AD2d 233, 234 [2002]).

Here, the plaintiff made a prima facie showing of her entitlement to summary judgment on her cause of action for a divorce on the ground of abandonment by submitting evidence that the defendant moved out of the marital residence in April 2003 without her consent, and without justification. However, in opposition, the defendant submitted evidentiary proof, including the plaintiff's testimony in a prior divorce action, sufficient to raise triable issues of fact as to whether an abandonment occurred. Although it is undisputed that the parties separated in April 2003, the defendant's submissions raise issues of fact as to whether the plaintiff consented to his initial departure from the marital residence and to his continued absence from the home, and whether his actions were justified (*see Kaplan v Kaplan,* 46 AD3d 628 [2007]; *Haydock v Haydock,* 222 AD2d 554, 556 [1995]). Accordingly, the branch of the plaintiff's motion which was for summary judgment on her cause of action for a divorce based on abandonment should have been denied.

We reject the plaintiff's contention that the defendant waived the right to argue that he was justified in leaving and remaining away from the marital residence because he did not plead justification as an affirmative defense in his answer. Since abandonment cannot be established merely by evidence of a separation (*see Matter of Maiden,* 284 NY 429, 432-433 [1940]; *Elkaim v Elkaim,* 123 AD2d 371, 372 [1986]; *Belandres v Belandres,* 58 AD2d 63 [1977]), a plaintiff seeking a divorce on this ground has an obligation to prove, as an element of his or her prima facie case, that the defendant unjustifiably left and remained away from the marital residence for a period of more than one year (*see Schine v Schine,* 31 NY2d 113, 199 [1972]; *Kaplan v Kaplan,* 46 AD3d 628 [2007]; *Johnson v Johnson,* 8 AD3d 625 [2004]; *Heilbut v Heilbut,* 297 AD2d 233 [2002]; *Brazil v Brazil,* 235 AD2d 611 [1997]). Although we have recognized that it is permissible to plead justification as an affirmative defense (*see Del Galdo v Del Galdo,* 51 AD2d 741 [1976]), it is not necessary that it be so pleaded where, as here, it is not a claim that would be likely to take the plaintiff by surprise, and does not raise issues of fact not appearing on the face of the complaint (*see* CPLR 3018 [b]). In this regard, we note that the plaintiff alleged in her complaint that the defendant had abandoned the marital residence without cause or provocation, and the defendant denied these allegations in his answer. Under these circumstances, the defendant, who has not defaulted, should not be precluded from arguing that he was justified in

leaving and remaining away from the marital residence (*cf. Gerteis v Gerteis*, 44 AD3d 709 [2007]; *Maryon v Maryon*, 60 AD2d 623 [1977]).

The parties' remaining contentions are without merit. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.